RICHARD SEGERBLOM, ESQ.
Nevada Bar No. 1010
700 South Third Street
Las Vegas, Nevada 89101
Tel: (702) 388-9600
Fax: (702) 385-2909

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

ELENA RODRIGUEZ-MALFAVON, )
)
Plaintiff, )
)
vs. )          **C O M P L A I N T**
)            **(Jury Demanded)**
CLARK COUNTY SCHOOL )
DISTRICT, EDWARD GOLDMAN and )
ANITA WILBUR, )
)
Defendants. )
_____ )

COMES NOW Plaintiff and complains of Defendants as follows:

### First Cause of Action

### (Title VII - National Origin Discrimination)

I.

This is a civil rights in employment lawsuit based upon Title VII and 42 U.S.C. §§ 1981 and 1983.  Jurisdiction and venue are based upon 28 U.S.C. § 1331.

II.

Plaintiff ELENZ RODRIGUEZ-MALFAVON is an Hispanic-Cuban female residing in Clark County, Nevada. Defendant CLARK COUNTY SCHOOL DISTRICT (hereinafter "CCSD") is a local government employer organized under the laws of the State of Nevada. Defendants EDWARD GOLDMAN and ANITA WILBUR are administrators employed by CCSD and at all times herein were policymakers acting under color of law pursuant to CCSD custom, policies and procedures. Furthermore, the unlawful acts described below were ratified by CCSD Administration and elected Board members.

III.

The Plaintiff was employed by CCSD in 1990 as a support staff employee in its Human Resources Department. In 2002 she promoted to an administrative position, becoming the Administrator of the Substitute Services Department.

IV.

In January, 2009 the Plaintiff involuntarily transferred to the Purchasing Department where she was supervised by Bramby Tollen, the administrator in charge of the Purchasing Department. Tollen treated the Plaintiff differently than other staff she supervised, ordering her to buy and wear specific clothes, not providing her an office, treating her medical absences more harshly than other employees. Because of this disparate treatment on November 23, 2009, the Plaintiff contacted Tollen's supervisor Jeff Weiler, informed him of her intention to file discrimination and harassment charges against Tollen, and asked to meet to discuss her issues. The Plaintiff was illegally reprimanded for communicating directly with Weiler in violation of Title VII.

V.

The Plaintiff continued to be treated unfairly and differently by Tollen. She filed a discrimination complaint with theCCSD's EEO office in December, 2009,

2

1   and because the harassment and discrimination did not stop she filed a Charge of

2   Discrimination with the EEOC on April 12, 2010, a copy of which is attached

3   hereto as Exhibit 1 and the facts set forth therein are hereby incorporated by

4   reference.  That Charge alleged Title VII claims based upon race, national origin

5   and retaliation.

6                                   VI.

7        The Plaintiff received an unsatisfactory yearly evaluation on June 24, 2010.

8   On August 6, 2010, the Plaintiff was transferred to the Education Services Division

9   (EDS) at the request of the Assistant Superintendent responsible for EDS,

10  Defendant Goldman.  In the Education Services Division the Plaintiff was assigned

11  to work for Defendant Wilbur at the Academy for Individualized Study High

12  School (hereintafter "AISHS").  Wilbur was the principal at AISHS.

13                                  VII.

14       Wilbur had a history of discriminating against minority subordinates and

15  made specific biased comments about Cuban-Americans, telling the Plaintiff that

16  another Cuban-American employee was rude, aggressive and lacked people skills

17  because she was from Cuba.  Goldman had a history of retaliating against

18  employees who exercised their first amendment rights and opposed discrimination.

19                                  VIII.

20       Shortly after she arrived at AISHS the Plaintiff discovered that Wilbur was

21  using hidden cameras to surreptitiously videotape and record employees, students

22  and parents at the school.  The Plaintiff informed Wilbur that this was a violation

23  of District rules, an invasion of privacy and a possible violation of state and federal

24  laws which govern wiretapping and student records.  The Plaintiff further advised

25  Wilbur that her actions could subject Wilbur and the District to potential financial

26  liability.

27

28                                   3

IX.

When Wilbur refused to stop using cameras and microphones to spy on employees, parents and students and in fact added more cameras at AISHS, the Plaintiff informed higher ups at CCSD, including the legal department and Goldman, about Wilbur's use of hidden cameras, microphones and surreptitious videotaping. Instead of correcting the problem Wilbur, Goldman and CCSD administrators set out to punish and demote the Plaintiff because of her whistleblowing.

X.

On April 29, 2011, the Plaintiff was informed that Goldman was eliminating her position as part of a District Reduction in Force (RIF) cut in administrative positions. The email confirming that decision is attached hereto as Exhibit 2. The Plaintiff's position was the only one selected to be eliminated in the Education Services Division even though there were at least four administrators with less seniority than she had. Under the administrators union contract in place at the time, the Plaintiff had the right to bump into another position which she was qualified for, so the elimination of her position would not have resulted in a demotion.

XI.

Unbeknownst to the Plaintiff, however, in the Spring of 2011 Goldman had negotiated a change in the administrators' contract which allowed the District to demote an administrator who had received two negative evaluations without regard to seniority and bumping rights. Because the Plaintiff had an unsatisfactory evaluation in 2010, if she received an unsatisfactory evaluation in 2011 she could be demoted if her position was eliminated pursuant to a RIF. Accordingly, Goldman encouraged Wilbur was encouraged to give the Plaintiff a second unsatisfactory evaluation.

4

XII.

To fulfill the goal to demote the Plaintiff Wilbur was required to first give the Plaintiff a negative writeup which could be used to justify an unsatisfactory evaluation. Accordingly, on May 26, 2011, Wilbur issued a Record of Personnel Notification to the Plaintiff titled "Oral Warning Summary." The issues raised in that document occurred weeks and months earlier and were not the legitimate basis for discipline.

XIII.

Nevertheless, based upon the May 26, 2011 oral warning, on June 6, 2011 the Plaintiff received an unsatisfactory annual evaluation from Wilbur. Because this was her second unsatisfactory evaluation, on June 17, 2011 the Plaintiff was informed that she was being demoted out of the administrative service and back to classified service as part of the District's RIF, effective July 1, 2011. The explanation for this RIF was totally different than the previous explanation the Plaintiff had been given. A copy of the email notifying the Plaintiff her position had been eliminated and she was being demoted is attached hereto as Exhibit 3.

XIV.

On July 25, 2011, the Plaintiff informed the EEOC that she had been demoted by sending them the notice attached hereto as Exhibit 4. The Plaintiff subsequently filed an amended charge of discrimination adding her demotion and continuing harassment, disparate treatment and retaliation, a copy of which is attached as Exhibit 5. A right to sue letter based upon the charge and amended charge has been received and this lawsuit is being filed within 90 from the receipt of that letter, a copy of which is attached as Exhibit 6.

XV.

As a result of this demotion the Plaintiff's pay was reduced by approximately $47,000 per year, effective July 1, 2011. Additionally, as a direct result of the

5

1  Defendants' unlawful conduct the Plaintiff has suffered severe emotional distress,

2  the full extent of which is as yet unknown.

3  XVI.

4  The Defendants' conduct as described above was primarily motivated by the

5  Plaintiff's national origin, Cuban-Hispanic. The individual Defendants' conduct

6  was intentional and done with a conscious disregard for Plaintiff's federally

7  protected rights.

8

9

10  **Second Cause of Action**

11  **(Title VII - Retaliation)**

12  XVII.

13  The Plaintiff repleads and realleges the allegations contained in paragraphs I

14  through XVI as though fully set forth herein.

15  XVIII.

16  The above described acts of Defendant CCSD were done in retaliation for the

17  Plaintiff's actions in complaining about discriminatory conduct to her supervisors,

18  CCSD's EEO office, and by filing her charge of discrimination with the EEOC and

19  the Plaintiff has been harmed as a direct result of said acts.

20

21  **Third Cause of Action**

22  **(§§ 1981 and 1983 Discrimination and Retaliation)**

23  XIX.

24  The Plaintiff repleads and realleges the allegations contained in paragraphs I

25  through XVIII as though fully set forth herein.

26  XX.

27  The above described acts of CCSD and the individual Defendants constitute

28  6

1   violations of §§ 1981 and 1983 and the Plaintiff has been harmed as a direct result
2   of said acts.

3

4                              **Fourth Cause of Action**
5                              **(§1983 First Amendment)**
6                                      XXI.
7         The Plaintiff repleads and realleges the allegations contained in paragraphs I
8   through XX as though fully set forth herein.
9                                      XXII.
10        The Plaintiff's communications to her supervisors and Goldman concerning
11  Wilbur's surreptitious audio and video recording of students, parents and CCSD
12  employees were about matters of public concern.  Those communications were not
13  required by the Plaintiff's job description and were outside her normal duties.
14                                     XXIII.
15        Defendants' Wilbur and Goldman retaliated against the Plaintiff because she
16  exercised her First Amendment right to discuss matters of public concern and the
17  Plaintiff has been harmed as a direct result of that retaliation.

18
19

20        WHEREFORE, Plaintiff prays for the following relief:
21        1.  Reinstatement to an administrative services Coordinator III position with
22  full backpay, benefits and prejudgment interest;
23        2.  Removal and/or modification of all negative documents in her personnel
24  file;
25        3.  Compensatory damages in an amount of $600,000;
26        4.  Punitive damages in an amount that will punish and deter the individual
27  Defendants;
28                                       7

5. Attorney's fees and costs of suit; and

6. Such other and further relief as the Court may wish to entertain.

DATED this 22ⁿᵈ day of September, 2012.

RICHARD SEGERBLOM, ESQ.
700 South Third Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

8

# EXHIBIT 1

This form is affected by the Privacy Act of 1974; See Privacy Act Statement and other information before completing this form.

| | |
|---|---|
| [X] EEOC | 487-2010-00512 |

## Nevada Equal Rights Commission
*State or local Agency, if any*
and EEOC

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mrs. Elena Rodriguez-Malfavon | (702) 656-5203 | 12-22-1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8036 Revolver Ave., Las Vegas, NV 89131 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| CLARK COUNTY SCHOOL DISTRICT | 500 or More | (702) 799-5011 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2832 East Flamingo Road,  Las Vegas, NV 89121 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| | | Earliest          Latest |
| [X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN | | 02-15-2009     04-12-2010 |
| [X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION | | |
| [ ] OTHER *(Specify)* | | [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about February 1990 I was hired by the Respondent as a Clerk II.  My current position is as a Coordinator III.

Beginning on or about February 2009, since being transferred to the Purchasing Department, I have been subjected to disparate treatment, harassing and retaliatory behavior and the terms and conditions of my employment have been constantly changed.

Respondent's actions have created a hostile work environment that has adversely affected my job.

Other similarly situated comparators not of my protected group have been treated more favorably, have not been subjected to harassing or retaliatory behavior and the terms and conditions of their employment have not been changed.

I have used the Respondent's internal complaint processing system but Respondent has failed to address or correct the behavior.

I believe that I am being discriminated against because of my national origin-Cuban and retaliated against for engaging in a protected activity, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Apr 12, 2010 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | RECEIVED  APR 1 2 2010  LAS VEGAS LOCAL OFFICE |

# EXHIBIT 2

Printed by: **Elena Rodriguez-Malfavon**
Title:

Sunday, May 27, 2012  11:24:47 P
Page  1  of

| From: | Hilary A. Engel | Monday, May 02, 2011 2:11:55 PM  |
|---|---|---|
| Subject: | Administrative Personnel - Reduction in Force | |
| To: | **Elena Rodriguez-Malfavon** | |
| Cc: | Bradley D. Waldron | |

Dear Ms. Rodriguez-Malfavon,

Due to funding reductions proposed for K-12 education in Nevada and the potential impact of those reductions on the Clark County School District's budget, a number of current administrative positions are being eliminated for the 2011-2012 fiscal year.  The administrative position that you hold with the District has been identified for elimination.

As a result, you will be subject to the Reduction in Force procedures set forth in Article 26 of the Negotiated Agreement between the Clark County School District and the Clark County Association of School Administrators and Professional-technical Employees.

A meeting has been scheduled for Wednesday, May 4, 2011, at 1:30 p.m., in the Superintendent's Conference Room at the Edward A. Greer Education Center, 2832 East Flamingo Road.  At this meeting, Bill Garis, Acting Chief Human Resources Officer, and Stephen Augspurger, Executive Director, Clark County Association of School Administrators and Professional-technical Employees, will review the Reduction in Force process and related issues and will answer any questions you may have.  If you are unable to attend this meeting, please let me know.

In the meantime, if you have questions, please go to the Administrative Personnel Staffing/RIF conference on InterAct, which is located on District Link/Human Resources Division and is also on your InterAct Desktop in the CCSD Administrators conference.  These conferences include contact information and frequently asked questions (FAQs) and will be updated as new information becomes available.

As we move through this process, please know that your continued professionalism is appreciated.

Sincerely,

Hilary Engel, Director
Administrative Personnel Services
Human Resources Division

EXHIBIT 3

Printed by: **Elena Rodriguez-Malfavon**
Title:

Sunday, May 27, 2012  10:08:05 F
Page 1 of :

| | |
|---|---|
| From: |  Hilary A. Engel |
| Subject: | Notification of Reduction in Force  |
| To: | Elena Rodriguez-Malfavon |
| Cc: | Fran R. Juhasz  CCASA |

Friday, June 17, 2011 9:27:30 AM

Dear Ms. Rodriguez-Malfavon,

As you know, due to Clark County School District budget reductions, a number of current administrative positions are being eliminated for the 2011-2012 fiscal year. As a result, the Human Resources Division was required to follow the Reduction in Force procedures set forth in Article 26 of the Negotiated Agreement between the Clark County School District and the Clark County Association of School Administrators and Professional-technical Employees. The reduction in force procedures in Article 26-2-2 provide that if the necessary reductions cannot be made through attrition or resignation, "Administrators who have been twice rated as unsatisfactory within the last two (2) successive contract years will next be reduced in force."

The Human Resources Division is in receipt of your performance evaluation for the 2010-2011 school year, in which you were rated unsatisfactory. This evaluation is your second unsatisfactory evaluation within the last two (2) successive contract years. Therefore, pursuant to Article 26-2-2, you will be reduced in force and have been assigned to the following support staff position for the 2011-2012 school year, effective July 1, 2011.

**Student Program Placement Processor, Case Management Office**
**Student Support Services Division**
**Supervisor: Jack Gordan, Director II, Special Education Programs and Projects**

It is requested that you do not contact your new supervisor at this time. Your new supervisor will contact you regarding this assignment no later than Friday, June 24, 2011.

The summary below is intended to provide you with pertinent information regarding your transition to a support staff position. Much of this information was previously communicated to you at the informational meeting held on May 4, 2011. A certified letter that includes this information will also be mailed to your home address.

- Your current administrative contract year ends on June 30, 2011. You will be paid on that contract through June 2011, with your last regular administrative paycheck being issued on June 24, 2011.
- You will retain your vacation leave balance; however, it will be converted to hours.
- You will retain your sick leave balance; however, it will be converted to hours.
- Your start date as a support staff employee for the 2011-2012 school year will be July 1, 2011.
- You will receive your first paycheck as a support staff employee on July 27, 2011, for days worked from July 1, 2011 through July 16, 2011.
- Your health insurance coverage as an administrator will end on June 30, 2011.

- Your health insurance coverage as a support staff employee will be effective July 1, 2011.  You must contact Kristine Soteros in the District's Benefits Office at 799-5418  as soon as possible to make arrangements to complete the necessary paperwork to establish your health insurance coverage as a support staff employee.
- Your seniority as a support staff employee has been maintained and includes your service as an administrator.  You retain your support staff seniority status with your placement in a support staff position.
- With your assignment to a support staff position, you will be subject to the terms and conditions of the Negotiated Agreement between the Clark County School District and the Education Support Employees Association.
- You do not retain a right to return to an administrative position per Article 26 of the CCSD/CCASAPE Negotiated Agreement.

Should you have any questions regarding this information, please let me know.  Your continued professionalism as we move through this process is appreciated.

Sincerely,

Hilary Engel, Director
Administrative Personnel Services
Human Resources Division

EXHIBIT 4

Date:      July 25, 2011

To:        US Equal Employment Opportunity Commission

From:      Elena Rodriguez-Malfavon

Subject:   EEOC Charge No. 487-2010-00512

This memo is to follow up on the case number above which was received by EEOC on April 12, 2010. At this time I am still waiting for this case to be reviewed. I have contacted my witnesses to ascertain that their contact information was still up to date and all of my witnesses have mentioned that to date they have not been contacted.

Please be aware that due to the length of the EEOC investigation process I am requesting that when you are ready to contact the witnesses I receive a call at 702-656-5203 or 702-858-4159 to provide EEOC with current contact information for the witnesses mentioned in Charge No. 487-2010-00512. Should EEOC wish to contact me in writing (to provide the witnesses up to date contact information) my address provided in the original document is still current.

I wish to make EEOC aware that with the recent Reduction In Force (RIF) that occurred at the Clark County School District (CCSD) and **directly** because of the incidents mention in Charge No. 487-2010-00512 I have now been RIF effective July 1, 2011. The Negotiated Contract with CCSD mentions that if an employee receives negative evaluation they would be the first to be RIF. Due to this, I have been removed from an administrative position earning $87,900 per year, to a support staff position earning $45,000 per year; this is a 48% pay cut.

At the time I submitted the documentation to EEOC I was asked if I would prefer to have the case go in front of an arbitrator because I was told that it would move a lot faster (six months waiting time for an arbitrator versus a year or more for the second option). I did select to go through an arbitrator and still it has been more than a year and three months since I filed.

Although I do understand that EEOC has a huge case load, with relatively few investigators, and the ratio of cases to investigators is extremely disproportionate, I urge you to please review my case as soon as possible. The ramifications of this huge cut in pay for family are vast and unimaginable with consequences that will affect my family in many negative ways for years to come.

I thank you in advance for your assistance.

EXHIBIT 5

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | AMENDED 487-2010-00512 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Elena Rodriguez-Malfavon** | **(702) 656-5203** | **12-22-1963** |

| Street Address | City, State and ZIP Code |
|---|---|
| **8036 Revolver Ave., Las Vegas, NV 89131** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CLARK COUNTY SCHOOL DISTRICT** | **500 or More** | **(702) 799-5011** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2832 East Flamingo Road, Las Vegas, NV 89121** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON (Check appropriate box(es).)**

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 06-15-2009 | 07-10-2012 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about April 10, 2010, I engaged in protected activity when I filed a charge of employment discrimination against the Respondent.

Notably, and as a result of the wrongful and discriminatory acts perpetrated by the Respondent and referenced in my original charge, specifically with regards to disparate treatment, harassment and unwanted discipline because of my national origin, I have been wrongfully and discriminary laid off from the position I held at the time when I filed my charge and placed in a substantially lower-paying position.

The forgoing constitutes a significant adverse employment action against me, which I believe to be solely based on the Respondent's prior discriminatory actions as well as being a form of continued retaliation against me for complaining of discriminatory employment practices, in violation of Title VII of the Civil Rights Act, of 1964, as amended

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jul 10, 2012 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date     Charging Party Signature | |

RECEIVED

EEOC/LVLO
INTAKE

EXHIBIT 6

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Elena Rodriguez-Malfavon
    8036 Revolver Ave.
    Las Vegas, NV 89121

From: Las Vegas Local Office
      333 Las Vegas Blvd South
      Suite-8112
      Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2010-00512 | William E. Morciglio, Federal Investigator | (702) 388-5077 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Adriana E. Lopez,*
**Adriana E. Lopez,**
**Acting Director**

JUL 23 2012

(Date Mailed)

Enclosures(s)

cc: **Thomas Rodriguez**
    **Executive Manager**
    **CLARK COUNTY SCHOOL DISTRICT**
    **5100 W. Sahara Ave.**
    **Las Vegas, NV 89131**