## DECLARATION OF ELENA RODRIGUEZ-MALFAVON

Elena Rodriguez-Malfavon, under penalty of perjury, states as follows:

1. I am the Plaintiff in this action and make the following representations based upon my personal knowledge.

2. Exhibit 1 is a copy of my 2009 annual evaluation given to me by Al Ringhofer when I worked in the Purchasing Department. On September 28, 2009, my supervision was changed from Ringhofer to his boss, Tollen. Tollen removed me from the ERP Project and placed me in charge of supervising some of the Assistant Buyers and Senior Buyers in the Department. Tollen told me my duties were being changed because I had been doing such a great job.

3. Exhibit 2 is a copy of the email I sent to Jeff Weiler on October 13, 2009, requesting a transfer. Although at that time I believed my supervisor Bramby Tollen was treating me differently because of my national origin, Cuban-American, I did not include that as a basis for my request. I did not want to cause her any problems or create any waves by mentioning discrimination, I just wanted a transfer.

4. Exhibit 3 is a transcript of the investigatory interview that Tollen conducted after she learned I requested a transfer. During that meeting I mentioned I was going to talk to Tom Rodriguez, CCSD Affirmative Action Officer, about Tollen's treatment of me. Everyone was aware that this meant I was complaining about discriminatory treatment based upon my national origin, Cuban-American.

Tollen and I had talked about my anscestry. She used me to translate from Spanich to English - I am bilingual. She also assigned me to be the liason with the Latin Chamber of Commerce.

5. Exhibit 4 is a copy of the Summary of Conference I received on November 9, 2009.

6. Exhibit 5 is a copy of the Memo I received documenting that I was removed from my private office and supervisory duties.

7. Exhibit 6 is the email I sent to Tom Rodriguez along with a summary of Tollen's discriminatory conduct. I am not including the attachment.

8. Exhibit 7 is the email I sent to Jeff Weiler informing him that Tollen was retaliating against me and I was contacting Tom Rodriguez to file discrimination and harassment charges against Tollen.

9. Exhibit 8 is the transcript from the November 25, 2009 investigatory interview.

10. Exhibit 9 is the Oral Warning I received on December 3, 2009. I denied the allegations contained in the December 3, 2009 Oral Warning. (¶ 10.) More important, I believe the Oral Warning was issued in retaliation for contacting Tollen's supervisor and CCSD Affirmative Action Officer Tom Rodriguez regarding her concerns. As Tollen herself said, in Tollen's mind it was insubordination to complain to anyone but her.

11. Exhibit 10 is the Summary of Conference I received on March 11, 2010.

12. Exhibit 11 is the one page annual evaluation I received in June, 2010. Although it is marked unsatisfactory the only documented discipline I had received prior to this was the December 3, 2009 oral warning. I disputed the basis for this evaluation in a Response dated August 3, 2010, which is attached as Exhibit 12.

13. Exhibit 13 is the Notice of Investigatory Conference given to my supervisor, Anita Wilbur. This was issued shortly after I met with Isaac Stein on March 31, 2011, to complain about Wilbur's audio and video taping of employees, students and parents. Wilbur had placed camera's throughout the school and everyone knew she could watch and listen to what they were hearing and saying by using those cameras. Many employees complained to me about the cameras, including counselors Vallianos and Slaveck who were concerned their private

conversations with students and parents were being recorded. I relayed those concerns to Stein on March 31, 2011.

14. Exhibit 14 is the Summary of Conference which was given to Wilbur as a result of the April 29 investigatory interview.

15. Exhibit 15 is the Oral Warning Wilbur prepared for me on May 26, 2011. None of the items mentioned in the oral warning were ever brought to my attention until I received this document. I was not present when the time clock procedure was presented so I didn't know we were required to use the time clock. I was not responsible for the fire keys or the shelter in place bins, that was the school secretary. I was not the only one who prepared evaluations late, Wilbur herself did that.

16. Exhibit 16 is an email chain documenting the preparation of Exhibit 15 by Wilbur, Goldman and Juhasz.

17. Exhibit 17 is the unsatisfactory evaluation I was given based upon the erroneous information contained in Exhibit 15.

18. Exhibit 18 is an email chain documenting the preparation of Exhibit 17 by Wilbur, Goldman and Juhasz.

19. Exhibit 19 is the email from Hilary Engel informing me that my position was being eliminated because of a RIF.

20. Exhibit 20 is another email from Engel informing me that my position was being eliminated because I received two unsatisfactory evaluations.

21. Exhibit 21 is a copy of my amended EEOC charge.

22. Exhibits 22 and 23 are copies of the depositions of Anita Wilbur.

23. Exhibits 24 and 25 are copies of the depositions of Edward Goldman.

24. Exhibits 26 and 27 are copies of the depositions of Fran Juhasz.

25. Exhibit 28 is a copy of the deposition of Isaac Stein.

26. Exhibit 29 is a copy of the deposition of Hilary Engel.

    Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    DATED this 30 day of July, 2015.

                                    ELENA RODRIGUEZ-MALFAVON