**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ELENA RODRIGUEZ-MALFAVON, | Case No. 2:12-cv-1673-APG-PAL |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION IN LIMINE** |
| CLARK COUNTY SCHOOL DISTRICT, EDWARD GOLDMAN, and ANITA WILBUR, | (ECF No. 76) |
| Defendants. | |

Plaintiff Elena Rodriguez-Malfavon's remaining claim in this case asserts Title VII retaliation against defendant Clark County School District ("CCSD") based on a 2010 negative performance evaluation while she worked in the purchasing department. ECF No. 50 at 16-17. She moves to preclude at trial use of a 2011 unsatisfactory performance evaluation. She argues the 2011 performance evaluation is not relevant because it was given by a different supervisor at a different location for a different job. She also argues the evaluation is inadmissible under Federal Rules of Evidence 404(a) and (b). Finally, she contends the 2011 evaluation should be excluded under Rule 403 because it would result in a mini-trial over her performance in a different department.

CCSD responds that the 2011 performance evaluation and written warnings Rodriguez-Malfavon received are relevant because they tend to make it less probable that the 2010 evaluation was retaliatory. Specifically, CCSD argues the two evaluations raise similar concerns about Rodriguez-Malfavon's work ethic, ability to perform assigned tasks, and failure to provide value to her employer as an administrator. CCSD also argues that even if this evidence constitutes "other act" evidence under Rule 404, CCSD should be able to present it to rebut Rodriguez-Malfavon's anticipated testimony that she had positive performance reviews in different divisions prior to joining the purchasing department.

1    Under Rule 404(a)(1), "[e]vidence of a person's character or character trait is not
2    admissible to prove that on a particular occasion the person acted in accordance with the character
3    or trait." Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to
4    prove a person's character in order to show that on a particular occasion the person acted in
5    accordance with the character." Such evidence "may be admissible for another purpose, such as
6    proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or
7    lack of accident." Fed. R. Evid. 404(b)(2).

8    The 2011 evaluation is inadmissible under Rule 404(a) because CCSD wants to admit it to
9    show Rodriguez-Malfavon has certain character traits, such as having a poor work ethic. It is also
10   inadmissible under Rule 404(b) because CCSD wants to admit it to demonstrate that Rodriguez-
11   Malfavon engaged in other acts showing she is a poor employee to suggest she was also a poor
12   employee the prior year in the purchasing department. CCSD has not argued any exception in
13   Rule 404(b) applies. I therefore exclude the 2011 evaluation under Rule 404. *See Neuren v.*
14   *Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1511 (D.C. Cir. 1995) (holding that written
15   evaluations from prior employer were inadmissible under Rule 404 in sex discrimination case
16   where the evidence was admitted to show the employee had the same performance problems at
17   the prior employer); *E.E.O.C. v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) ("Work
18   performance with other employers, either before or after the defendant employer, is inadmissible
19   under Rule 404(a). . . .").

20   Additionally, evidence that is otherwise admissible under Rule 404 is still subject to Rule
21   403's balancing of probative value against prejudicial effect. *See, e.g.*, *United States v. Cherer*,
22   513 F.3d 1150, 1157-59 (9th Cir. 2008). Even if the 2011 evaluation is admissible, I would
23   exclude it under Rule 403 because it would result in a time-consuming and confusing mini-trial
24   over Rodriguez-Malfavon's performance at a different job working for a different supervisor.
25   *Rauh v. Coyne*, 744 F. Supp. 1181, 1184 (D.D.C. 1990).

26   CCSD argues that even if the 2011 evaluation is inadmissible under Rule 404, CCSD
27   should nevertheless be able to use it to rebut Rodriguez-Malfavon's anticipated testimony that she
28

received positive reviews while working in other divisions prior to joining the purchasing department. Rule 404 is not a one way street. It precludes Rodriguez-Malfavon from offering evidence to show she performed well in other divisions to prove she performed well in the purchasing department. Thus, any evidence that she received positive evaluations or awards in the other divisions is inadmissible under Rule 404. *See id.* (excluding the plaintiff's witnesses from testifying about her work performance at other employers that was being offered to rebut the defendants' reason for her discharge).

However, this general bar does not include the positive evaluation she received in June 2009 while working in the purchasing department. Because that evaluation was for work performed in the same department, it is admissible and is relevant to the issue of pretext. *See* ECF No. 50 at 12.

Finally, Rodriguez-Malfavon is not precluded from describing her work history and background of her employment with CCSD. She thus may identify what positions she held, when she held them, and what type of work she performed. But she may not present evidence or testimony that she received positive performance evaluations, awards, bonuses, promotions, or the like prior to her time in the purchasing department.

DATED this 28th day of September, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE