1  RICHARD SEGERBLOM, ESQ., Nevada Bar No. 1010
2  701 E. Bridger Ave., #520
   Las Vegas, Nevada 89101
3  Telephone: (702) 388-9600
   Facsimile: (702) 385-2909
4  *Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELENA RODRIGUEZ-MALFAVON,<br><br>　　Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, EDWARD GOLDMAN and ANITA WILBUR<br><br>　　Defendants. | Case No.: 2:12-cv-01673-APG-PAL<br><br>**OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT**<br>**(ECF No. 125)** |

　　COMES NOW Plaintiff Elena Rodriguez-Malfavon, by and through her counsel of record, Richard Segerblom and opposes the Defendants' Renewed Motion for Summary Judgment (ECF No. 125) on the grounds that there are questions of fact surrounding her First Amendment claim which cannot be resolved as a matter of law. This opposition is based on the pleadings and papers on file, including Rodriguez-Malfavon's sworn declaration, together with the attached memorandum of points and authorities.

　　DATED this 26th day of January, 2018.

　　　　　　　　　　　　　　　　*/s/ Richard Segerblom, Esq.*
　　　　　　　　　　　　　　　　RICHARD SEGERBLOM, ESQ., Nevada Bar No. 1010
　　　　　　　　　　　　　　　　701 E. Bridger Ave., #520
　　　　　　　　　　　　　　　　Las Vegas, Nevada 89101
　　　　　　　　　　　　　　　　Telephone: (702) 388-9600
　　　　　　　　　　　　　　　　Facsimile: (702) 385-2909
　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Elena Rodriguez-Malfavon ("Ms. Rodriguez") is a First Amendment protected whistleblower. In 2011, Ms. Rodriguez's supervisor, Defendant Anita Wilbur, gave Ms. Rodriguez an oral warning and negative evaluation after she blew the whistle on Ms. Wilbur for secretly video and audio taping employees, students, and parents. As a result of the negative evaluation, Ms. Rodriguez was demoted.

After the Ninth Circuit reversed this Court's granting of summary judgment to Defendants on Ms. Rodriguez's First Amendment retaliation claim, Defendants now seek to renew their motion for summary judgment, asserting that this Court and the Ninth Circuit did not fully consider that claim. Although Ms. Rodriguez believes the renewed motion violates this Court's Discovery Order and has filed a motion to strike on that basis (ECF No. 127), and although Ms. Rodriguez believes the issues identified by the Defendants were in fact fully considered by this Court and the Ninth Circuit, she is submitting this limited opposition to further clarify why Defendants have failed to establish they are entitled to summary judgment on her First Amendment retaliation.

**II.    RELEVANT PROCEDURAL HISTORY**

On September 22. 2012, Ms. Rodriguez filed suit against Defendants CCSD, Edward Goldman, and Anita Wilbur, alleging national origin discrimination under Title VII, retaliation under Title VII, discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983, and First Amendment retaliation under § 1983. (ECF No. 1.) On January 7, 2015, Defendants moved for summary judgment on all of Ms. Rodriguez's claims. (ECF No. 39.) Ms. Rodriguez filed a Response on July 30, 2015. (ECF No. 46.) On December 7, 2015, this Court entered an order granting in part and denying in part Defendants' motion for summary judgment. (ECF No. 50.) In that order, the Court granted summary judgment to Defendants as to her claims for race discrimination, national origin discrimination, and First Amendment retaliation, as well as one of her claims regarding Title VII discrimination. (*Id.*, p. 16:24-26.) The Court denied summary judgment as to a second claim for Title VII retaliation. (*Id.*, pp.

1  16:26-17:2.)

2  Ms. Rodriguez proceeded to trial as to this remaining claim. (ECF Nos. 108, 109, and 110 (minutes of Jury Trial Days 1-3).) At the conclusion of trial, the jury found in favor of Defendants. (ECF No. 106 (jury verdict).) This Court entered judgment in favor of Defendants on October 11, 2016 (ECF No. 111); Ms. Rodriguez then entered a notice of appeal on November 10, 2016. (ECF No. 115.)

The sole claim presented in Ms. Rodriguez's appeal was that this Court erred in granting Defendants summary judgment as to her First Amendment retaliation claim. *See Rodriguez-Malfavon v. Clark Cty. Sch. Dist.*, 706 F. App'x 348 (9th Cir. 2017). Following oral argument, the Ninth Circuit entered a memorandum disposition reversing the district court's grant of summary judgment on the First Amendment retaliation claim, and remanded the matter to this Court. *Id.* at 349; *see also* ECF No. 123 (mandate of the Ninth Circuit)

**III.     ARGUMENT**

**A.  Goldman Was Intimately Involved in the Retaliation Against Ms. Rodriguez.**

In the renewed summary judgment motion, Defendant Goldman asserts there is no evidence he was tied to the retaliatory oral warning and unsatisfactory evaluation Ms. Rodriguez asserts were issued in retaliation for her First Amendment protected communications. (ECF. No. 125, p. 5:6-10.) This argument, however, is directly rebutted by emails which document how the oral warning and evaluation were created. (*See* ECF No. 46-5, Exhs. 15 and 16.)

Those emails show that Goldman, the Associate Superintendent of the Educational Services Division ("ESD"), was directly involved in the decision to issue the Oral Warning to Ms. Rodriguez.  On May 24, ESD employee Juhasz wrote to Wilbur:

> I'm working with Dr. Goldman on this.  Per Dr. Goldman, please do not do ANYTHING further until I hear back from him.  *He's going to review the document and then give me his final determination.  We can't mail anything out or give her anything until we hear from him.*

(Exh. 15, CCSD 316 (emphasis added).)

/ / /

3

This email indicates that, contrary to the arguments in Defendants' renewed summary judgment motion, Goldman was in fact involved in what Wilbur was doing to Ms. Rodriguez. When asked why he was involved in disciplining Ms. Rodriguez, Goldman stated he could not remember, thus allowing a jury to infer an improper motive. (ECF No. 46-7, Exh. 24, p. 12:21-24 (Goldman Deposition).)

Goldman confirmed in his deposition that he was aware that Wilbur received a Summary of Conference for audiotaping at the time he was involved in helping Wilbur create the Oral Warning which was given to Ms. Rodriguez:

> Q. When you were involved in this process of giving the oral warning to [Ms. Rodriguez], were you aware that Ms. Wilbur had just received her own Summary of Conference and then had been ordered not to retaliate against anybody?
>
> A. I'm sure I would have known at the time that Mrs. Wilbur received a disciplinary document, but No. 6[1] was pretty much routine in any cases . . . *if the document is as a result of people, employees complaining*. . . ."

(*Id.*, pp. 16:20-17:8) (emphasis added).

If Goldman understood that Wilbur's Summary of Conference indicated that it resulted from an employee complaint, he cannot deny that Wilbur would have a motive to retaliate against the employee who complained—Ms. Rodriguez. Furthermore, Goldman admitted that he "would have known what Ms. Wilbur was being disciplined for and what she did or did not do and what Mrs. Rodriguez was being disciplined for." (*Id.*, p. 18:1-3.)

This evidence indicates that, at a minimum, Goldman ratified Wilbur's efforts to retaliate against Ms. Rodriguez's whistleblowing, and may have even instigated it. As noted above, Goldman was the Associate Superintendent of the ESD. Goldman did not supervise Wilbur; rather, Wilbur was supervised by Isaac Stein, who was in turn supervised by Brad Waldron. Thus, there is a genuine question of fact regarding the extent to which Goldman was involved in Ms. Rodriguez's discipline.

---

[1] Referencing item #6 on Wilbur's Summary of Conference which stated "Do not . . . take any retaliatory action against any employee." (ECF No. 46-4, Exh. 14.)

4

Other evidence previously submitted to this Court documents Goldman's involvement in the retaliatory discipline Ms. Rodriguez received. Specifically, evidence Ms. Rodriguez submitted with her opposition to Defendants' original motion for summary judgment show that Goldman participated in the creation of the unsatisfactory evaluation based upon the oral warning. On May 31, 2011 Juhasz wrote that "we'll have Eddie [Goldman] do a final" draft of the unsatisfactory evaluation. (ECF No. 46-6, Exh. 18, Bates CCSD 268.) And on June 3 Juhasz writes, "*The evaluation is approved by Dr. Goldman for issuing*." (*Id.* at Bates CCSD 2163 (emphasis added)). How much more involved could he be?

Furthermore, Goldman has a history of retaliating against CCSD employees who exercise their First Amendment rights and of ratifying the retaliatory acts of other CCSD administrators. For example, in *Lytle v. Carl*, 382 F.3d 978 (9th Cir. 2004), the Ninth Circuit upheld a First Amendment jury verdict against CCSD in a case where Goldman had reviewed all discipline and documents and had collaborated on the conferences and directives that the teacher alleged were retaliatory, concluding that "[t]he jury could reasonably infer from this evidence that Goldman actively participated in the discipline of Lytle and ratified the decisions of his subordinates." *Id.* at 988 (emphasis added). This case is yet another example of Goldman "reviewing" and "ratifying" discipline which resulted when an employee engaged in First Amendment protected activity.

**B. Defendants Goldman and Wilbur Are Not Entitled to Qualified Immunity.**

As Goldman and Wilbur indicate in the renewed summary judgment motion, local government officials are entitled to qualified immunity unless their conduct violates clearly established federal or constitutional rights. (ECF No. 125, p. 5:21-24) (citing *Brewster v. Board of Education of the Lynwood Unified School Dist.*, 149 F.3d 971; 977 (9th Cir. 1998)). In the First Amendment context, the Court should look to the balancing test of whether the employee's speech was constitutionally protected. *Brewster*, 149 F.3d at 979-80.

/ / /

/ / /

5

1    In this case, the Court must weigh Ms. Rodriguez's right to bring a potential criminal and civil matter—the audio taping of employees, students and/or parents—to the attention of her principal's supervisor against CCSD's need to maintain order. The Defendants have not produced any evidence that Ms. Rodriguez's complaints disrupted the workplace or caused any problems for the District. Thus, the Pickering balancing test clearly weighs in Ms. Rodriguez's favor. This was not a mere disgruntled employee voicing an internal work-related complaint. If Ms. Rodriguez's allegations were true CCSD faced huge potential problems if the audio taping was confirmed and known by employees, students and parents.

Additionally, the question is not whether the conduct violated a general principle of law, but "'whether the violative nature of the particular conduct is clearly established' by controlling precedent. . . ." *Sharp v. County of Orange*, 871 F.3d 901 (9th Cir. 2017), quoting Mullenix v. Luna, 136 S.Ct. 305, 308 (2015). Thus, if there is Supreme Court or Ninth Circuit precedent involving similar whistleblowing the individual Defendants are not entitled to qualified immunity.

In *Burgess v. Pierce County*, 918 F.2d 104 (9th Cir. 1990), the plaintiff/employee alleged that he had been fired in retaliation for communicating with other county officials, with the County Council and with members of the public, in opposition to passage and enforcement of ordinances he believed conflicted with state standards which exposed the county to potential tort liability. The Ninth Circuit held that "discharging a public employee in retaliation for protected speech violated clearly established law of which a reasonable person would have known." *Id.* at 106.

These facts are similar to the facts in Ms. Rodriguez's case. If they proved a violation of clearly established law in 1990 it is tough to argue that Wilbur and Goldman did not know they were violating the law in 2011, over 20 years later. Accordingly, they are not entitled to qualified immunity.

/ / /

/ / /

6

## IV. CONCLUSION

As the argument above demonstrates, the Ninth Circuit was correct in remanding this case for a trial on the merits. Ms. Rodriguez is a whistleblower who was retaliated against because she complained that her supervisor was engaging in illegal and unethical conduct.

DATED this 26th day of January, 2018.

*/s/ Richard Segerblom, Esq.*
RICHARD SEGERBLOM, ESQ., Nevada Bar No. 1010
701 E. Bridger Ave., #520
Las Vegas, Nevada 89101
Telephone: (702) 388-9600
Facsimile: (702) 385-2909

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2018, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT (ECF No. 125) addressed to:

>Ethan D. Thomas
>LITTLER MENDELSON, P.C.
>3960 Howard Hughes Parkway, Suite 300
>Las Vegas, Nevada 89169
>*Attorneys for Defendant*

>*/s/ Richard Segerblom, Esq.*
>RICHARD SEGERBLOM, ESQ.